UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROHM AND HAAS COMPANY, | : | CASE NO. |
| | : | 02-mc-182 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| ARMSTRONG WORLD INDUSTRIES, INC. | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this        day of                              , 2002, upon consideration of the motion of Rohm and Haas Company to compel Armstrong World Industries, Inc. to produce a knowledgeable and prepared corporate witness for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on the subjects identified in Rohm and Haas's July 14, 2000 subpoena and to produce all documents described therein,

It is hereby **ORDERED** that the motion be and hereby is **GRANTED**; and it is further **ORDERED** that within ten (10) days Armstrong World Industries, Inc. produce for deposition a corporate designee who can testify as to the corporation's knowledge of the subjects identified in Schedule A of plaintiff's July 14, 2000 subpoena and produce all documents described in Schedule B of the same subpoena, including but not limited to those documents to which it objected on proprietary and confidential grounds during the February 4, 2002 deposition (Bates numbered A064432-A064531).

_____
J.

UNITED STATES DISTRICT COURT OF THE
EASTERN DISTRICT OF PENNSYLVANIA

ROHM AND HAAS COMPANY,            :
                                  :
        Plaintiff,                :
    v.                            :
                                  :
ARMSTRONG WORLD INDUSTRIES,       :
INC.                              :
        Defendant.                :


MOTION TO COMPEL ARMSTRONG WORLD INDUSTRIES, INC.
TO PRODUCE A KNOWLEDGEABLE CORPORATE
DESIGNEE AS REQUIRED BY FEDERAL RULE OF CIVIL
PROCEDURE 30(b)(6) AND TO PRODUCE DOCUMENTS

Plaintiff Rohm and Haas Company ("Rohm & Haas") hereby moves for an order compelling Armstrong World Industries, Inc. to produce a knowledgeable and prepared corporate witness for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on the subjects identified in Rohm & Haas's July 14, 2000 subpoena and to produce all documents described in Schedule B of the same subpoena. In support of its motion, Rohm & Haas relies on the accompanying memorandum of law.


DATED: July 10, 2002                         _____/s/_
                                             Michele Langer, Esquire
                                             Attorney No.: 18326
                                             MARVIN, LARSSON, HENKIN
                                             & SCHEURITZEL
                                             Centre Square West, Suite 3510
                                             1500 Market Street
                                             Philadelphia, PA 19102
                                             215-656-4200, 215-656-4202 (fax)

                                             Attorneys for Rohm and Haas Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ROHM AND HAAS COMPANY,             :
      Plaintiff,                  :
                                    :
    v.                            :
                                    :
ARMSTRONG WORLD INDUSTRIES,        :
INC.,                              :
      Defendant.                  :


PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO COMPEL ARMSTRONG WORLD INDUSTRIES,
INC. TO PRODUCE A KNOWLEDGEABLE CORPORATE DESIGNEE
AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)
AND TO PRODUCE DOCUMENTS

Plaintiff Rohm and Haas Company ("Rohm & Haas") submits this memorandum in support of its motion to compel Armstrong World Industries, Inc., successor to Armstrong Cork Company ("Armstrong"), to produce for deposition a knowledgeable and prepared corporate designee as required by Federal Rule of Civil Procedure 30(b)(6) and to produce all documents described in plaintiff's July 14, 2000 subpoena.

BACKGROUND

The instant discovery motion arises out of a contribution action for investigation and remediation costs brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq., which is pending in the United States District Court for New Jersey, captioned *Rohm and Haas Company v. American Cyanamid Company, et al.*, 95-CV-1865 and 99-CV-1891 (sometimes also captioned *Rohm and Haas Company v. 3-M Corporation, et al.*).  The defendants in the New Jersey litigation are jointly known as the "Ashland Group" and are represented through common counsel, the law firm Sills Cummis Radin Tischman Epstein & Gross.  *See* Affidavit of Theodore F. Haussman, Jr., attached

as Exhibit "A" hereto, ¶4.[1]  The litigation involves the disposal of hazardous substances in 1977 at a pig farm in Rhode Island, now known as the Picillo Pig Farm Superfund Site ("Picillo").  *Id.* ¶2.

Armstrong is not a party to the New Jersey litigation.  Rohm & Haas sought discovery of Armstrong because of allegations that material generated by Armstrong was transshipped by Scientific Chemical Processing ("SCP") and/or Scientific Environmental Controls, Inc. ("SEC") to Picillo.  *Id.* ¶3.  After picking up Armstrong's waste, SCP or SEC transported Armstrong material to one of two SCP business addresses where SCP/SEC unloaded waste of its customers, like Armstrong, commingled it, and then transported the commingled waste to Picillo. *Id.*  One of the SCP/SEC business addresses was in Carlstadt, New Jersey.  *Id.*

On July 14, 2000, Rohm & Haas served on Armstrong a Federal Rule of Civil Procedure 30(b)(6) subpoena requiring Armstrong to prepare and produce a corporate designee who could testify to the corporation's knowledge of, among other things, "the waste or recyclable material generated by Armstrong Cork and handled, transported and/or disposed of by SCP and SEC between January 1, 1976 and December 31, 1977."  *See* Subpoena, Schedule A, attached as Exhibit "B" hereto.  A companion request for documents on the same subject was also included in the subpoena.  *See* Subpoena, Schedule B, attached with Exhibit "B" hereto.

After some negotiation between the parties, Armstrong's designee was deposed in Philadelphia, Pennsylvania, on February 4, 2002.  The deposition transcript makes clear, however, that Armstrong failed to discharge its affirmative duty under Rule 30(b)(6) to produce a person or

---

[1] This motion is filed by Michele Langer, Marvin, Larsson, Henkin & Scheuritzel, rather than Schnader Harrison Segal & Lewis LLP ("Schnader"), who represents Rohm & Haas in the New Jersey action, because of a potential conflict of interest between Schnader and Armstrong.

persons capable of giving complete and knowledgeable answers on its behalf, especially to questions about the type and character of the Armstrong waste that was given to SCP in 1976 and 1977. It is also clear from the deposition transcript that Armstrong did not produce all documents described in the subpoena and, when confronted with certain Armstrong documents which Rohm & Haas produced at the deposition, Armstrong objected to any questions on such documents, claimed they were proprietary and confidential and insisted Rohm & Haas's counsel to withdraw the offending exhibit. *See* Transcript of February 4, 2002 Deposition of Mr. Scaccia, attached as Exhibit "C" hereto, at 91-92; *see also* Exhibit "A" ¶¶ 6-9.

During the deposition counsel for Armstrong offered and the parties discussed possible resolutions of the discovery dispute over the documents Armstrong claimed were proprietary and confidential. *See* Exhibit "C" at 91-93, 146-147; *see also* Exhibit "A" ¶9. Counsel for Rohm & Haas and the Ashland Group have since tried to reasonably resolve issues of confidentiality, authenticity and admissibility to meet the concerns raised by Armstrong and to obviate the need for another deposition, but they have been unable to do so. *Id.* ¶10. This impasse was presented to the Honorable Dennis M. Cavanaugh, the judge presiding over the New Jersey litigation, who orally permitted Rohm & Haas to file a motion to compel discovery from Armstrong.[2] *Id.* ¶11. Because Armstrong was deposed in Philadelphia, Pennsylvania, this motion is filed with this Court pursuant to Federal Rule of Civil Procedure 37(a)(1). *See* Exhibit "C."

For the reasons set forth below, Rohm & Haas respectfully submits that the Court should grant its motion and order Armstrong to produce a knowledgeable and prepared Rule

---

[2] A letter dated May 17, 2002 from Schnader attorney John M. Armstrong, Esquire to the Honorable Dennis M. Cavanaugh, United States District Judge, confirming the Court's oral permission to proceed with a motion to compel is attached as Exhibit "D" hereto. While the letter refers to the Middle District of Pennsylvania, this motion is properly filed with this Court pursuant

3

30(b)(6) designee and to produce all subpoenaed documents.

## ARGUMENT

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, "when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject" and must satisfy "an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119, 145 L.Ed. 2d 818, 120 S. Ct. 940 (2000), *quoting SEC v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992); *see also, Barron v. Caterpillar, Inc.*, 168 F.R.D. 175, 176 (E.D. Pa. 1996). If the corporate deponent is unable to produce a representative with personal knowledge of the subjects identified, then the "deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y.1997); *see also, Barron*, 168 F.R.D. at 176-177.

Federal Rule of Civil Procedure 26(c)(7) permits a party for "good cause" to seek court protection from disclosure in discovery of a trade secret or other confidential research, development, or commercial information. *Farley v. Cessna Aircraft Co.*, 1994 WL 396479 at *3 (E.D. Pa. July 22, 1994). Good cause can be demonstrated only by a "showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure. The inquiry must be shown with specificity." *Id.* (*quoting Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). *See also, Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F.Supp. 866, 890-

---

to the requirements of Federal Rule of Civil Procedure 37(a)(1).

89 (E.D. Pa. 1981). Good cause cannot be supported merely by "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied* 484 U.S. 976, 98 L.Ed. 2d 485, 108 S.Ct. 487 (1987). The burden of justifying the confidentiality of each document is on the party seeking the court's protection. *Cipollone,* 785 F.2d at 1122.

In this case, Armstrong was required to produce documents and a designee who could testify about, among other things, "[t]he waste or recyclable material generated by Armstrong Cork and handled, transported and/or disposed of by SCP and SEC between January 1, 1976 and December 31, 1977." *See* Exhibit "B" hereto.

At the February 4, 2002 deposition, Armstrong's corporate designee, Mr. Peter Scaccia, was unprepared to describe fully the nature or constituents of the company's waste during the relevant time period and responded, in substance, "I don't know" to virtually every question on that subject. *See* Exhibit "C" at 24, 34, 36, 38, 39, 49-50, 59, 95, 101-102, 112, 113, 124-25, 144-145, 146. Moreover, the transcript demonstrates that Armstrong failed to comply with its affirmative duty to educate and "prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Bank of New York*, 171 F.R.D. at 151. In describing his preparation for the deposition, Armstrong's designee stated that he had reviewed certain documents for "two, possibly three hours" but had not reviewed the Armstrong documents that Rohm & Haas produced during the deposition. *See* Exhibit "C" at 17-18, 88, 90.

The Armstrong documents which Rohm & Haas introduced at the deposition as Exhibit 10 (and later withdrew because of Armstrong's objection), were allegedly included in a response Armstrong made to a group of companies pursuant to an allocation proposal for another

5

environmental site - the SCP Carlstadt site, *i.e.* the transfer station for which Armstrong waste was allegedly transshipped to Picillo. *See* Exhibit "A" ¶¶ 5-8 and Exhibit "C" at 88-93, 146-147. Certain internal Armstrong memoranda within the overall package specifically address the nature and constituents of Armstrong's waste during the relevant time period.[3]  Exhibit "A" ¶7.

During the deposition, counsel for Armstrong objected to the use of the Armstrong documents marked as Exhibit 10 by Rohm & Haas, claimed they were proprietary and confidential, stated that they had been submitted in the SCP allocation process pursuant to a confidentiality agreement and demanded that counsel for Rohm & Haas withdraw the documents and ask no further questions concerning them. Exhibit "A" ¶5-8. Counsel for Rohm & Haas obliged after a discussion over how to address Armstrong's concerns. *Id.* ¶¶8-9. Armstrong's counsel stated, that it would produce the documents - - and permit questioning concerning them - -

---

[3] The group of Armstrong documents identified by Rohm & Haas during Mr. Scaccia's deposition were Bates numbered A064432 through A064531. Exhibit "A" ¶6. Because of Armstrong's confidentiality claims, we have not attached the documents to this motion. The cover letter for the group of documents reads, "Enclosed please find another copy of the Response of Armstrong World Industries, Inc. to CSI's Allocation Questionaire. Page 1 of the Materials Description was inadvertently omitted from your copy." *Id.* The allocation documents attached to that letter provide detailed information concerning waste shipments between Armstrong and SCP in the 1970's; and volume calculations for each shipment. *Id.* ¶7. Even more importantly, Armstrong included three internal memoranda in that allocation package (dated November 28, 1978, November 30, 1978 and July 14, 1980) that specify the character and constituents of the waste that Armstrong was sending to SCP/SEP in the mid to late 1970's. (Bates numbers A064463-A064468).

only pursuant to a confidentiality agreement. *See* Exhibit "C" at 88-93, 146-147.

It is clear from the deposition transcript that Armstrong has not met its burden to demonstrate that the documents in question are entitled to trade secret or confidentiality protection. Armstrong has made no showing of a clearly defined and specific harm that would arise from the production of these internal documents, now over twenty years old. It has made overly broad trade secret and confidentiality claims to protect what are simply bad documents.

Tacitly admitting that it has no substantive basis for its confidentiality claim, Armstrong relies solely upon the fact that these documents were provided under a confidentiality agreement in another environmental proceeding, which is not currently in litigation. These are Armstrong documents that were prepared near the time period in question and are clearly responsive to Rohm & Haas's subpoena in the New Jersey litigation. These documents, as well as the entire allocation submission of which they were apparently a part, are clearly responsive to Rohm & Haas's subpoena and should have been produced. At a minimum, Armstrong was required by the Rules to have identified the documents as responsive and asserted its confidentiality claim in detail before the deposition. Further, even were the documents themselves confidential, Armstrong was required to produce for deposition a corporate designee who had been prepared to discuss the information contained within those documents. Armstrong's failure to do so, coupled with its failure even to identify the documents, effectively denied Rohm & Haas the discovery to which it was entitled pursuant to its subpoena on Armstrong.

In sum, Armstrong has utterly failed to discharge its affirmative duties (1) to produce all documents responsive to Rohm & Haas' subpoena and (2) to prepare and present a knowledgeable corporate designee to testify concerning all subjects identified in the subpoena

pursuant to Rule 30(b)(6).

## CONCLUSION

For all the forgoing reasons, this Court should grant Rohm and Haas Company's motion to compel Armstrong World Industries, Inc. to produce for deposition a corporate designee who can testify to the corporation's knowledge of the subjects identified in Schedule A of the July 14, 2000 subpoena and to produce all documents described in Schedule B of the same subpoena, including but not limited to those marked as Exhibit 10.

Respectfully submitted,

DATED:   July 10, 2002                                     _____/s/____
                                                            Michele Langer, Esquire
                                                            Attorney No.: 18326
                                                            MARVIN, LARSSON, HENKIN
                                                            & SCHEURITZEL
                                                            Centre Square West, Suite 3510
                                                            1500 Market Street
                                                            Philadelphia, PA 19102
                                                            215-656-4200, 215-656-4202 (fax)

                                                            Attorneys for Rohm and Haas Company

## CERTIFICATE OF SERVICE

I, Michele Langer, Esquire, hereby certify that on this 10th day of July, 2002, a true and correct copy of the foregoing motion of Rohm and Haas Company to compel Armstrong World Industries, Inc. to produce a knowledgeable corporate designee and subpoenaed documents, with supporting memorandum of law, were served upon the following by first-class mail, postage prepaid:

8

Larry D. Silver, Esquire
DUANE MORRIS, LLP
One Liberty Place
Suite 4200
Philadelphia, PA 19103
Fax: 215.979.1020
*Attorney for Armstrong World Industries, Inc.*

Lori G. Singer, Esquire
Mark S. Olinsky, Esquire
SILLS CUMMIS RADIN TISCHMAN
EPSTEIN & GROSS
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Fax: 973.643.6500
*Attorney for Defendant/Counterclaim Plaintiffs American Cyanamid Company, Ashland Inc., GAF Corporation, General Electric Company, Monsanto Company*

John M. Simon, Esquire
WOLFF & SAMSON
280 Corporate Center
5 Becker Farm Road
Roseland, NJ 07068
Fax: 973.740.1407
*Attorney for Defendant Advanced Environmental Technology Corporation*

Vincent J. Rizzo, Jr., Esquire
FITZGERALD & BAKER
201 Rt. 17 North, 2nd Floor
Rutherford, NJ 07070
*Attorney for PAN Chemical Corporation*

_____/s/_
Michele Langer, Esquire